KEVIN A. DARBY, ESQ., #7670
TRICIA M. DARBY, ESQ., #7956
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada  89519
Tel.    775.322.1237
Fax    775.996.7290
kevin@darbylawpractice.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

LAWRENCE WADE FLEMING,

       Debtor.

_____/

CASE NO.    BK-N-09-51729-gwz
Chapter 13

**MOTION TO VALUE COLLAERAL AND MODIFY AND RECLASSIFY SECOND, THIRD AND FOURTH MORTGAGE AS GENERAL UNSECURED CLAIM PURSUANT TO 11 U.S.C. §§ 506(a) AND 1322**

Hearing Date:  July 31, 2009
Hearing Time:  2:00 p.m.

    Debtor, LAWRENCE W. FLEMING, by and through his attorney, Kevin A. Darby, Esq., of Darby Law Practice, Ltd., hereby moves this Court for an order establishing the value of real property securing that certain second mortgage lien held by Wells Fargo Bank, N.A. ("Wells Fargo"), a third mortgage lien held by Lex Adams, an individual, and a fourth mortgage lien held by Marisa Adams, an individual, and for an order modifying the mortgage lien claims by stripping off the liens and reclassifying and rendering the entire amount of the mortgage claims as a general unsecured claim in this bankruptcy matter.

    This Motion is made pursuant to 11 U.S.C. §§ 506(a) and 1322, and Federal Rules of Bankruptcy Procedure (F.R.B.P.) 3012 and 9014, and is supported by the *Declaration of Lawrence W. Fleming* and the following points and authorities.

## POINTS AND AUTHORITIES

### I.  FACTUAL BACKGROUND

1. On June 02, 2009 (the "Petition Date"), the above-named Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. On the Petition Date, Debtor owned real property located at 10610 Vista Bella Lane, Reno, Nevada (the "Vista Bella" property).

3. On the Petition Date, the value of the Vista Bella property was $180,000.00. See Declaration of Lawrence W. Fleming.

4. As of the Petition Date, the Vista Bella property was subject to the following mortgage liens: (1) a first deed of trust held by Wells Fargo Home Mortgage in the amount of $196,500.00 (the "WFHM First Mortgage"); (2) a second deed of trust held by Wells Fargo Home Mortgage in the amount of $29,994.00 (the "WFHM Second Mortgage"); (3) a third deed of trust held by Lex Adams in the amount of $52,500.00 (the "Lex Adams Third Mortgage"); and (4) a fourth deed of trust held by Marisa Adams in the amount of $30,000.00 (the "Marisa Adams Fourth Mortgage").

5. As of the Petition Date, no equity existed in the Vista Bella property above the WFHM First Mortgage.

6. Due to the $180,000.00 value of the Vista Bella property and the superior priority of the $196,500.00 WFHM First Mortgage, the WFHM Second Mortgage, the Lex Adams Third Mortgage, and the Marisa Adams Fourth Mortgage are wholly unsecured. The WFHM Second Mortgage, the Lex Adams Third Mortgage, and the Marisa Adams Fourth Mortgage would receive nothing upon a liquidation of the Vista Bella property for the fair market value.

///

## II.  LEGAL DISCUSSION

**THE SECOND, THIRD, AND FOURTH MORTGAGES SHOULD BE AVOIDED AND RECLASSIFIED BECAUSE THEY ARE UNSECURED AND WOULD RECEIVE NOTHING IN A LIQUIDATION**

Pursuant to 11 U.S.C. § 506(a), an allowed claim is only a secured claim to extent of the value of creditor's interest in subject collateral, and is an unsecured claim to extent amount of claim exceeds that value.  In this regard, Federal Rule of Bankruptcy Procedure Rule 3012 provides that this Court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim.

The Ninth Circuit Court of Appeals has confirmed that a wholly unsecured lien may be avoided entirely and reclassified as a general unsecured claim pursuant to 11 U.S.C. 506 (a). Specifically, the Court of Appeals in <u>Zimmer</u> explained:

> Section 506(a) divides creditor's claims into "secured claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, 506(a) makes clear that the status of a claim depends on the valuation of the property… To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it.  Under the Bankruptcy Code, "secured claim" is thus a team of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

<u>In re Zimmer</u>, 313 F .3d 1220, 1223 (9th Cir. Cal. 2002).

To effectuate the principles of 11 U.S.C. §506(a), 11 U.S.C. §1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ."  The Supreme Court has held that this provision prohibits the strip *down* of a *partially* secured lien which secures a claim

whose only security is a lien on the debtor's principal residence.  See <u>Nobelman v. American Sav. Bank</u>, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993).  However, as detailed above, the Ninth Circuit held in <u>Zimmer</u> that § 1322(b)(2) does not prevent strip *off* of a *wholly* unsecured lien.  <u>Zimmer,</u> 313 F.3d at 1223**.**

In the present case, the Debtor believes the Vista Bella Property is worth $180,000.00.  See Declaration of Philip Lawrence Fleming, ¶ 3 and Debtor's *Schedule A*, both filed herein.  It is well settled that an owner's opinion is admissible in determining the value of real estate or personal property.  <u>See</u>, *e.g.,* <u>Kestenbaum v. Falstaff Brewing Corp.</u>, 514 F2d 690 (5th Cir. 1975); <u>Justice v. Pennzoil Co.</u>, 598 F2d 1339 (4th Cir. 1979).

As established through Debtor's opinion of value, the WFHM Second Mortgage, the Lex Adams Third Mortgage, and the Marisa Adams Fourth Mortgage are wholly unsecured and, therefore, do not qualify as a secured debt under 11 U.S.C. § 506(a).  Specifically, the $29,994.00 WFHM Second Mortgage, the $52,500 Lex Adams Third Mortgage and the $30,000 Marisa Adams Fourth Mortgage exceed the $180,000.00 value of the Vista Bella property, leaving no value or equity available to secure those Mortgages.  As a result, the WFHM Second Mortgage, the Lex Adams Third Mortgage and the Marisa Adams Fourth Mortgage should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors, as proposed in Debtor's Chapter 13 Plan filed herein.  In addition, the WFHM Second Mortgage, the Lex Adams Third Mortgage and the Marisa Adams Fourth Mortgage should be removed and stripped from the Vista Bella property negating and nullifying any right or interest as a secured creditor under state law.

### III.  <u>CONCLUSION</u>

Based on the above points and authorities, the Debtor respectfully requests the following relief:

1. That this Court exercise its authority under Fed. R. Bankr. P. 3012 to determine and establish that the value of the Vista Bella property is $180,000.00;

2. That this Court find pursuant to 11 U.S.C. §506(a) that the WFHM Second

Mortgage, the Lex Adams Third Mortgage, and the Marisa Adams Fourth Mortgage are not secured claims in this Case;

   3. That this Court find the WFHM Second Mortgage, the Lex Adams Third Mortgage, and the Marisa Adams Fourth Mortgage may be modified and reclassified as a general unsecured claim and that any purported security interest or rights of the WFHM Second Mortgage, the Lex Adams Third Mortgage, and the Marisa Adams Fourth Mortgage in the Vista Bella property be avoided, nullified and negated, as proposed in Debtor's Chapter 13 Plan and as authorized by 11 U.S.C. §§ 506(a) and 1322(b); and

   4. That this Court provided for any such other relief deemed appropriate.

DATED this 5th day of July 2009.

            DARBY LAW PRACTICE, LTD.

            /S/ KEVIN A. DARBY
            _____
            KEVIN A. DARBY, ESQ.
            Attorney for Debtor